ADAM R. FULTON, ESQ.
Nevada Bar No. 11572
afulton@jfnvlaw.com
LOGAN G. WILLSON, ESQ.
Nevada Bar No. 14967
logan@jfnvlaw.com
**JENNINGS & FULTON, LTD.**
2580 Sorrel Street
Las Vegas, NV 89146
Telephone: (702) 979-3565
Facsimile: (702) 362-2060
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| INGA HAKAN, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> MGM RESORTS INTERNATIONAL, a Foreign Corporation; DOES I-X, inclusive; and ROE CORPORATIONS I-X, inclusive, <br><br> Defendants. | Case No.: <br><br><br> **COMPLAINT** |

Plaintiff INGA HAKAN, by and through her attorneys of record, ADAM R. FULTON, ESQ. and LOGAN G. WILLSON, ESQ., of the law firm of JENNINGS & FULTON, LTD., hereby files this Complaint against Defendants MGM RESORTS INTERNATIONAL, DOES I-X, and ROE CORPORATIONS I-X and alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff INGA HAKAN is an individual that at all relevant times herein was a resident of Clark County, Nevada.

2. Defendant MGM RESORTS INTERNATIONAL ("MGM") is a Foreign Corporation conducting business in Clark County, Nevada at all relevant times herein.

3. Plaintiff does not know the true names of the individuals, corporations, partnerships and entities sued and identified in fictitious names as DOES I through X and ROE CORPORATIONS I through X, specifically any parent or sister company of MGM. Plaintiff alleges that such Defendants assisted or participated in activities that resulted in damages suffered by Plaintiff as more fully discussed under the claims for relief set forth below. Plaintiff requests leave of this Honorable Court to amend this Complaint to show the true names and capacities of each such fictitious Defendants when Plaintiff discovers such information.

4. This Court has personal jurisdiction over all parties, as all parties involved are either residents of Clark County, Nevada or conduct business in Clark County, Nevada.

5. This Court has jurisdiction over this action pursuant to 28 U.S.C § 1331 in that this case arises under federal and state law, specifically for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and Nevada's Unlawful Employment Practices statute, NRS 613.330.

6. Venue is proper because all events giving rise to Plaintiff's claims occurred in Clark County, Nevada.

**ADMINISTRATIVE PREREQUISITES**

7. More than 30 days prior to the institution of this lawsuit, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging violations of Title VII and NRS 613.330 by MGM.

8. On September 29, 2022, the EEOC issued Ms. Hakan a Notice of Right to Sue, giving her 90 days from receipt of such notice to file her Complaint related to her Title VII and NRS 613.330 claims. *See* Exhibit 1.

**GENERAL ALLEGATIONS**

9. Plaintiff incorporates the allegations in the preceding paragraphs as though fully set

JENNINGS & FULTON, LTD.
2580 Sorrel Street
Las Vegas, NV 89146
702.979.3565

forth herein.

10. Ms. Hakan began her employment at MGM in 2009 as an International Marketing Executive and was promoted to International Marking Director.

11. Ms. Hakan was an exemplary employee for over 12 years.

12. On August 16, 2021, MGM announced that all salaried employees and all new hires employed at MGM or any subsidiary must be fully vaccinated from Covid-19 by October 15, 2021 ("Vaccination Mandate").

13. MGM required all salaried employees and new hires who did not work exclusively from home to receive a Covid-19 vaccination by October 15, 2021.

14. Ms. Hakan timely submitted her religious exemption ("Religious Exemption") identifying her sincerely held religious beliefs as Russian Orthodox and attached a letter from her Bishop.

15. As stated by Ms. Hakan's Bishop,

> Inga is an Orthodox Christian in good standing with the Church. She attends worship services and participates in the life of all Saints Russian Orthodox Church in Las Vegas, Nevada.
>
> As an Orthodox Christian, Inga is not able to partake of [sic] the vaccines currently being mandated in response to COVID-19. All vaccines currently available have utilized cells derived from abortion; the Orthodox Church has always considered abortion murder, and we are forbidden to partake of [sic] the act or the products thereof. Furthermore, the human body is regarded by Orthodox Christians as the Temple of the Holy Spirit…

16. MGM then requested Ms. Hakan answer its questionnaire.

17. Ms. Hakan timely complied with the request to fill out a religious accommodation questionnaire.

18. MGM then issued a letter to Ms. Hakan indicating that her Religious Exemption could not be accepted as it would impose an undue hardship on the MGM's legitimate business

interests.

19. MGM's asserted that Ms. Hakan's religious beliefs are secular.

20. This is simply false as addressed by Ms. Hakan's Bishop.

21. MGM summarily concluded that granting the Religious Exemption would be an undue hardship and gave Ms. Hakan until October 15, 2021, to get fully vaccinated.

22. Due to her sincerely held religious beliefs, Ms. Hakan did not get vaccinated and was subsequently terminated based on the same.

23. MGM subjected Ms. Hakan to disparate treatment because of her religion that unvaccinated hourly MGM employees were not subject to.

24. Ms. Hakan belonged to a protected class.

25. Ms. Hakan was qualified to and performed her job satisfactorily for numerous years and suffered adverse employment action simply because of her religion.

26. Similarly situated individuals outside of Ms. Hakan's protected class were treated more favorably by not being subject to MGM's Vaccination Mandate.

27. MGM separated its employees, specifically Ms. Hakan, who submitted religious exemptions into their own separate class based on sincerely held religious beliefs.

28. There was no undue hardship to MGM because Ms. Hakan would have continued to exercise social distancing, worn masks, and subject herself to Covid-19 testing.

29. Ms. Hakan spent most her time each day in her office and wore a mask during this time.

30. Specifically, she was instructed to stay in her office and not interact with client's and guests unless it was necessary.

31. When Ms. Hakan left her office, she would wear a mask.

32. Moreover, MGM provided on-site Covid-19 testing for employees, making it

-4-

feasible for Ms. Hakan to receive testing on property.

33. Notably, non-salaried employees were not subject to the Vaccination Mandate despite working for various MGM properties.

34. Moreover, MGM no longer maintains the Vaccination Mandate for salaried employees.

35. If the Vaccination Mandate was for safety, it would be applied across the board, not simply to salaried employees who make up a fraction of all MGM employees.

36. As a direct and proximate result of the aforementioned acts and/or omissions, MGM violated Title VII and NRS 613.330, and retaliated against Plaintiff.

37. Plaintiff has been forced to hire an attorney to prosecute this action and therefore seek recovery of her attorneys' fees and costs.

### FIRST CLAIM FOR RELIEF

**(Discrimination on the Basis of Religion in Violation of Title VII, 42 U.S.C § 2000e, *et seq.*)**

38. Plaintiff incorporates the allegations in the preceding paragraphs as though fully set forth herein.

39. After MGM implemented the Vaccination Mandate, Ms. Hakan timely submitted her Religious Exemption and her response to MGM's questionnaire, MGM denied Ms. Hakan's Religious Exemption and subsequently terminated her.

40. Due to her sincerely held religious beliefs, Ms. Hakan did not get vaccinated and was subsequently terminated based on the same.

41. MGM subjected Ms. Hakan to disparate treatment because of her religion that unvaccinated hourly MGM employees were not subject to.

42. Ms. Hakan belonged to a protected class.

43. Ms. Hakan was qualified to and performed her job satisfactorily for numerous years

and suffered adverse employment action simply because of her religion.

44. Similarly situated individuals outside of Ms. Hakan's protected class were treated more favorably by not being subject to MGM's Vaccination Mandate.

45. MGM separated its employees, specifically Ms. Hakan, who submitted religious exemptions into their own separate class based on sincerely held religious beliefs.

46. There was no undue hardship to MGM because Ms. Hakan would have continued to exercise social distancing, worn masks, and subject herself to Covid-19 testing.

47. Moreover, MGM provided on-site Covid-19 testing for employees, making it feasible for Ms. Hakan to receive testing on site.

48. Notably, non-salaried employees were not subject to the Vaccination Mandate despite working for various MGM properties.

49. Moreover, MGM no longer maintains the Vaccination Mandate for salaried employees.

50. If the Vaccination Mandate was for safety, it would be applied across the board, not simply to salaried employees who make up a fraction of all MGM employees.

51. MGM subjected Ms. Hakan to unequal terms and conditions of employment due to her religion in violation of Title VII, 42 U.S.C § 2000e, *et seq*.

52. Plaintiff has been forced to hire an attorney to prosecute this action and therefore seek recovery of her attorneys' fees and court costs.

**SECOND CLAIM FOR RELIEF**

**(Retaliation in Violation of Title VII, 42 U.S.C § 2000e, *et seq.*)**

53. Plaintiff incorporates the allegations in the preceding paragraphs as though fully set forth herein.

54. After MGM implemented the Vaccination Mandate, Ms. Hakan timely submitted

her Religious Exemption and her response to MGM's questionnaire, MGM denied Ms. Hakan's Religious Exemption and subsequently terminated her.

55. Due to her sincerely held religious beliefs, Ms. Hakan did not get vaccinated and was subsequently terminated based on the same.

56. MGM subjected Ms. Hakan to disparate treatment because of her religion that unvaccinated hourly MGM employees were not subject to.

57. Ms. Hakan belonged to a protected class.

58. Ms. Hakan was qualified to and performed her job satisfactorily for numerous years and suffered adverse employment action simply because of her religion.

59. Similarly situated individuals outside of Ms. Hakan's protected class were treated more favorably by not being subject to MGM's Vaccination Mandate.

60. MGM separated its employees, specifically Ms. Hakan, who submitted religious exemptions into their own separate class based on sincerely held religious beliefs.

61. There was no undue hardship to MGM because Ms. Hakan would have continued to exercise social distancing, worn masks, and subject herself to Covid-19 testing.

62. Moreover, MGM provided on-site Covid-19 testing for employees, making it feasible for Ms. Hakan to receive testing on site.

63. Notably, non-salaried employees were not subject to the Vaccination Mandate despite working for various MGM properties.

64. Moreover, MGM no longer maintains the Vaccination Mandate for salaried employees.

65. If the Vaccination Mandate was for safety, it would be applied across the board, not simply to salaried employees who make up a fraction of all MGM employees.

66. MGM retaliated against Ms. Hakan in violation of Title VII, 42 U.S.C § 2000e, *et*

*seq.*

67.     Plaintiff has been forced to hire an attorney to prosecute this action and therefore seek recovery of her attorneys' fees and court costs.

### THIRD CLAIM FOR RELIEF

**(Discrimination on the Basis of Religion in Violation of NRS 613.330)**

68.     Plaintiff incorporates the allegations in the preceding paragraphs as though fully set forth herein.

69.     Pursuant to the provisions of NRS 613.330(1)(a), it is an unlawful employment practice for an employer to discharge any person, or otherwise to discriminate against any person with respect to the person's compensation, terms, conditions or privileges of employment, because of his or her religion.

70.     Pursuant to the provisions of NRS 613.330(1)(a), it is an unlawful employment practice for an employer to adversely affect an employee's status because of his or her religion.

71.     After MGM implemented the Vaccination Mandate, Ms. Hakan timely submitted her Religious Exemption and her response to MGM's questionnaire, MGM denied Ms. Hakan's Religious Exemption and subsequently terminated her.

72.     Due to her sincerely held religious beliefs, Ms. Hakan did not get vaccinated and was subsequently terminated based on the same.

73.     MGM subjected Ms. Hakan to disparate treatment because of her religion that unvaccinated hourly MGM employees were not subject to.

74.     Ms. Hakan belonged to a protected class.

75.     Ms. Hakan was qualified to and performed her job satisfactorily for numerous years and suffered adverse employment action simply because of her religion.

76.     Similarly situated individuals outside of Ms. Hakan's protected class were treated

more favorably by not being subject to MGM's Vaccination Mandate.

77. MGM separated its employees, specifically Ms. Hakan, who submitted religious exemptions into their own separate class based on sincerely held religious beliefs.

78. There was no undue hardship to MGM because Ms. Hakan would have continued to exercise social distancing, worn masks, and subject herself to Covid-19 testing.

79. Moreover, MGM provided on-site Covid-19 testing for employees, making it feasible for Ms. Hakan to receive testing on site.

80. Notably, non-salaried employees were not subject to the Vaccination Mandate despite working for various MGM properties.

81. Moreover, MGM no longer maintains the Vaccination Mandate for salaried employees.

82. If the Vaccination Mandate was for safety, it would be applied across the board, not simply to salaried employees who make up a fraction of all MGM employees.

83. Ms. Hakan's damages resulted from an occurrence of the nature which NRS 613.330 is designed to prevent.

84. Moreover, Ms. Hakan is within the class of persons NRS 613.330 is designed to protect.

85. Plaintiff has been forced to hire an attorney to prosecute this action and therefore seek recovery of her attorneys' fees and court costs.

**FOURTH CLAIM FOR RELIEF**

**(Retaliation in Violation of NRS 613.330)**

86. Plaintiff incorporates the allegations in the preceding paragraphs as though fully set forth herein.

87. After MGM implemented the Vaccination Mandate, Ms. Hakan timely submitted

her Religious Exemption and her response to MGM's questionnaire, MGM denied Ms. Hakan's Religious Exemption and subsequently terminated her.

88. Due to her sincerely held religious beliefs, Ms. Hakan did not get vaccinated and was subsequently terminated based on the same.

89. MGM subjected Ms. Hakan to disparate treatment because of her religion that unvaccinated hourly MGM employees were not subject to.

90. Ms. Hakan belonged to a protected class.

91. Ms. Hakan was qualified to and performed her job satisfactorily for numerous years and suffered adverse employment action simply because of her religion.

92. Similarly situated individuals outside of Ms. Hakan's protected class were treated more favorably by not being subject to MGM's Vaccination Mandate.

93. MGM separated its employees, specifically Ms. Hakan, who submitted religious exemptions into their own separate class based on sincerely held religious beliefs.

94. There was no undue hardship to MGM because Ms. Hakan would have continued to exercise social distancing, worn masks, and subject herself to Covid-19 testing.

95. Moreover, MGM provided on-site Covid-19 testing for employees, making it feasible for Ms. Hakan to receive testing on site.

96. Notably, non-salaried employees were not subject to the Vaccination Mandate despite working for various MGM properties.

97. Moreover, MGM no longer maintains the Vaccination Mandate for salaried employees.

98. If the Vaccination Mandate was for safety, it would be applied across the board, not simply to salaried employees who make up a fraction of all MGM employees.

99. MGM retaliated against Ms. Hakan in violation of NRS 613.330.

100. Plaintiff has been forced to hire an attorney to prosecute this action and therefore seek recovery of her attorneys' fees and court costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays as follows:

1. For judgment against Defendants for Plaintiff's compensatory damages, together with interest thereon until entry of judgment;

2. For judgment against Defendants for Plaintiff's lost wages and backpay, together with interest thereon until entry of judgment;

3. For an award of punitive damages against MGM for its violation of Title VII and NRS 613.330, together with interest thereon until entry of judgment;

4. For entry of an order compelling Defendant to pay Plaintiff's costs and attorneys' fees;

5. Consequential and incidental damages according to proof at trial;

6. For special damages; and

7. For such other and further relief as the Court may deem just and proper.

DATED: December 19th, 2022                               **JENNINGS & FULTON, LTD.**

By:  */s/ Adam R. Fulton, Esq.*
ADAM R. FULTON, ESQ.
Nevada Bar No. 11572
afulton@jfnvlaw.com
LOGAN G. WILLSON, ESQ.
Nevada Bar No. 14967
logan@jfnvlaw.com
2580 Sorrel Street
Las Vegas, NV 89146
*Attorneys for Plaintiff*

# EXHIBIT 1

EEOC Form 161-B (01/2022)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | **Mrs. Inga Hakan**<br>**10730 Amber ridge apt 205**<br>**LAS VEGAS, NV 89144** | From: | **Las Vegas Local Office**<br>**333 Las Vegas Blvd South, Suite 5560**<br>**Las Vegas, NV 89101** |
|---|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **487-2022-00151** | **Donna Cutley,**<br>**Senior Investigator** | **702) 553-4455** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

    More than 180 days have passed since the filing of this charge.

    The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA):* You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

                                        On behalf of the Commission

                                        Digitally Signed By:Christine Park-Gonzalez
                                        09/29/2022

Enclosures(s)                             **Christine Park-Gonzalez**
                                          **Acting District Director**

cc:    **Paul T Trimmer**
      **Jackson Lewis P.C.**
      **300 S 4TH ST STE 900**
      **Las Vegas, NV 89101**
      **Kyle J Hoyt**
      **Jackson Lewis P.C.**
      **300 S 4TH ST STE 900**
      **Las Vegas, NV 89101**
      **Ashley Eddy**
      **MGM RESORTS INTERNATIONAL**
      **6385 S. Rainbow Blvd Suite 500**
      **Las Vegas, NV 89118**

      **Logan Wilson**
      **JENNINGS & FULTON LAW FIRM**
      **2580 Sorrel Street**
      **Las Vegas, NV 89146**

Case 2:22-cv-02097-JCM-NJK Document 1 Filed 12/19/22 Page 14 of 14

Enclosure with EEOC
Form 161-B (01/2022)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*